# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN BRENDAN DAILEY,<br><br>　　　　　　　Defendant. | CR-22-22-GF-BMM<br><br><br>ORDER |

Defendant Brendan John Dailey ("Dailey") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 109); *see also* (Doc. 103.) The Court appointed counsel to assist Dailey in this matter on August 24, 2023. (Doc. 105.) Dailey has provided documentation showing that, over thirty days ago, he filed a request with the warden of his facility. (Doc. 103-1 at 4.) This filing satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). The Government opposes Dailey's motion. (Doc. 113.) The Court now will deny Dailey's Motion for Compassionate Release.

The Court may reduce a sentence, after considering the sentencing factors in 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(a)(1)(A). That

"[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" may constitute an "extraordinary and compelling reason" justifying release. U.S.S.G. § 1B1.13(b)(1)(C). Likewise, an "extraordinary and compelling reason" justifying release may exist when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [U.S.S.G. § 1B1.13(b)(1)] through (4), are similar in gravity to those described in [U.S.S.G. § 1B1.13(b)(1)] through (4)." U.S.S.G. § 1B1.13(b)(5).

Dailey seeks release based on the combination of two sets of circumstances. First, Dailey seeks release because he suffers from several medical conditions: severe polysubstance abuse disorder, major depressive disorder, post-traumatic stress disorder, chronic knee pain, and chronic back pain. (Doc. 110 at 9-15.) Second, Dailey seeks release because his common-law wife and his common-law mother-in-law suffer from medical and financial hardships and require his support. (Doc. 110 at 16.)

Dailey's medical circumstances fail to provide an "extraordinary and compelling reason" justifying release. Illicit substances may be available in BOP facilities. This fact, while lamentable, does not suggest that a person suffering from polysubstance abuse disorder would be *less* "at risk of serious deterioration in health

2

or death" if released into the community. U.S.S.G. § 1B1.13(b)(1)(C). Dailey remains on waitlists for RDAP (Doc. 110 at 11, Doc. 117 at 1) and the Medication-Assisted Treatment program (Doc. 110 at 12, Doc. 117 at 1). Dailey has received counseling as to the risks of drug use in prison. (Doc. 110 at 12.) Dailey receives treatment for his mental health conditions, including prescription anti-depressants and PTSD medications. (Doc. 110 at 14.) Dailey further receives treatment, in the form of gabapentin, for his knee and back pain. (*Id.* at 15.) Dailey describes delays and imperfect treatment. Dailey has not shown, however, that his ailments "require[] long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," U.S.S.G. § 1B1.13(b)(1)(C). Moreover, the Court notes that it considered Dailey's diagnosed major depressive disorder, diagnosed polysubstance dependence, knee and back pain, and self-reported PTSD at the time of his sentencing. *See* (Doc. 87.)

Dailey's family circumstances likewise fail to provide an "extraordinary and compelling reason" justifying release. Dailey represents that his common-law wife suffered a broken femur that left her unable to work for several months. (Doc. 110 at 16.) Dailey represents that his common-law wife, who is homeless, also attempts to care for her mother, who suffers from arthritis and COPD. (*Id.*) Dailey avers that his common-law wife depends upon Dailey for housing and financial support because she remains unable to work. (*Id.*) U.S.S.G. § 1B1.13(b)(3) enumerates

3

several familial situations that may present an "extraordinary and compelling reason" justifying release, including the incapacitation of the caregiver of a defendant's minor child or child "incapable of self-care because of a mental or physical disability or a medical condition," or the incapacitation of a defendant's immediate family member when no other caregiver would be available to immediate family member. Dailey's description of his common-law wife's injury belies her or her mother's need for a caregiver. Dailey's common-law wife provides care for her mother, demonstrating that she both remains capable of caring for herself and represents an available caregiver for her mother. (Doc. 110 at 16.)

Finally, the combination of Dailey's medical situation and family situation fails to rise to the level of an "extraordinary and compelling reason" justifying release "similar in gravity" to the circumstances listed by the Sentencing Commission. U.S.S.G. § 1B1.13(b)(5).

Dailey has not demonstrated any "extraordinary and compelling reason" to reduce his sentence. Dailey is not entitled to reduction in his sentence.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

1. Dailey's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 103) is **DENIED**.

2. Dailey's Amended Motion for Reduction in Sentence (Doc. 109) is

   **DENIED**.

**DATED** this 24th day of June, 2024.

_____
Brian Morris, Chief District Judge
United States District Court